PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DELANOR L. MACKSYN, ) | |
| ) | CASE NO. 3:14cv2320 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JASON BUNTING, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Resolving ECF Nos. 1; 2] |

*Pro se* petitioner Delanor L. Macksyn filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner has also filed a motion to proceed *in forma pauperis*. ECF No. 2. Petitioner's motion to proceed *in forma pauperis* is granted. For the reasons stated below, however, the petition is denied and this action is dismissed upon initial review.

**I. Background**

Petitioner is incarcerated in an Ohio penal institution, having been convicted by a jury of three counts of unlawful sexual conduct with a minor. He asserts multiple grounds for relief in his petition: (1) "5th, 6th, and 14th Amendment Double Jeopardy, Due Process, and Fair trial violations" based on being "charged with a 5 [count] multiple identically worded indictment with no differentiation in any of the counts"; (2) "5th, 6th, and 14th Amendment Due Process & fair trial violations" based on the state's expert's testimony as to sexual abuse; (3) "6th, 8th, and 14th Amendments [sic] due process, cruel and unusual punishment and equal protection" violations

(3:14cv2320)

based on the trial judge sentencing him to consecutive and maximum sentences "without following the Ohio sentencing scheme"; and (4) constitutional violations based on "private communications" between the trial judge and impaneled jurors outside of the presence of the parties. ECF No. 1 at 4–5.

## II. Legal Standard

The district court must examine a habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 and Section 2255 Proceedings; *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

Before a court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted

(3:14cv2320)

has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

### III. Discussion

The petitioner raised only two grounds for relief on direct appeal in the Ohio Court of Appeals, ineffective assistance of his trial counsel in failing to object to and request a hearing on the victim's interview at the child advocacy center, and that the trial court erred in failing to grant his motion for acquittal as to incidents occurring during Christmas 2010 and the Spring of 2011. ECF No. 1 at 2. The petition indicates that he had been denied a delayed appeal to the Ohio Supreme Court, but is silent as to the reason for the denial. ECF No. 1 at 2. The Court must assume the motion was denied because petitioner failed to make the requisite showing of adequate reasons for the delay. *See Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Furthermore, the petition indicates the Ohio Court of Appeals denied as untimely a motion the petitioner filed to reopen his direct appeal.

Petitioner was procedurally barred from raising the grounds he seeks to raise in his present petition in the Ohio state courts. If a procedural bar in the state court exists, this Court will not consider the claims unless petitioner establishes adequate cause to excuse the failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990). No such showing is reasonably suggested by the petition. Accordingly, Petitioner's action is dismissed pursuant to 28 U.S.C. §1915A.

3

(3:14cv2320)

### IV.  Conclusion

Petitioner's petition for a writ of habeas corpus is dismissed pursuant to 28 U.S.C. §1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).


   IT IS SO ORDERED.


 November 7, 2014                     /s/ Benita Y. Pearson
Date                                  Benita Y. Pearson
                                      United States District Judge